IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| STEPHEN P. KELLY,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE, JOEL BACHOFER,<br><br>Defendants. | CV 22-73-BU-BMM-ORDER |

Plaintiff Stephen P. Kelly ("Kelly") filed a motion for leave to proceed in forma pauperis on October 21, 2022 (Doc. 1) and lodged a complaint against the United States Postal Service ("USPS") and Joel Bachofer in his official capacity as the Bozeman USPS office Postmaster. (Doc. 2.)

## I.   Motion to Proceed In Forma Pauperis

A civil proceeding may be commenced without prepayment of fees under 28 U.S.C. § 1915(a) upon filing an affidavit showing inability to pay. Kelly completed an "Application to Proceed in District Court without Prepaying Fees or Costs" on October 21, 2022. (Doc.1.) The information provided in the application is sufficient

1

to make the showing required by 28 U.S.C. § 1915(a), and the Court granted his request to proceed in forma pauperis on December 13, 2022. (Doc. 4.)

## II. Screening Requirement

Because Kelly is proceeding in forma pauperis, the Court must review his Complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the Complaint must be dismissed. 28 U.S.C. § 1915(e)(2).

Dismissal for failure to state a claim is appropriate when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)), and "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plausibility determination is

context specific, and courts must draw on judicial experience and common sense in evaluating a complaint. *See Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014).

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). If it clear that the complaint's deficiencies cannot be cured by amendment, dismissal without leave to amend is appropriate. *See e.g. Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 2002); *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

### III.   Kelly's Allegations

Kelly alleges that the USPS intentionally delayed delivering a USPS package in September 2022. (Doc. 2 at 5.) Kelly states that this package contained several

prescription medications from Albertsons Osco Pharmacy in Bozeman, including seizure medication, diabetic medications, thyroid medications, and cardiac medications. (*Id*. at 5-6.) According to Kelly, the USPS postal worker was to pick up the package from the Bozeman Albertsons Osco Pharmacy. Kelly alleges, however, the USPS "failed to attend the Bozeman Albertsons store neglecting to stop and pick up the outgoing package of medication[s] to be mailed" to Kelly. (*Id*. at 6.) This delay alleged caused Kelly medical injury when he did not receive his prescription medications. (*Id*. at 7.) Kelly alleges that he suffered diabetic shock that included experiencing a severe diabetic coma, as well as a severe seizure, because he did not have access to his medications. (*Id*. at 8.)

### IV. Analysis

Kelly's action fails to state a claim upon which relief can be granted. Kelly claims that the USPS violated federal law and the Fourteenth Amendment when the USPS postal worker failed to visit every establishment to receive outgoing mail, regardless of whether incoming mail needed to be delivered. *(Id. at 6.)* The premise of Kelly's claim is that the USPS is bound by federal mandate to visit every establishment, pick up all mail, and deliver all mail, regardless of whether that business has any incoming mail. (*Id*.)

Kelly fails to allege a cause of action under any federal law. He makes broad

4

mention of federal legislation governing USPS as a federal agency. (*Id*. at 6.) Kelly does not provide a specific federal statute. His allegation that "[f]ederal legislation clearly dictates U.S. mail delivery" is insufficient to state a claim for which relief can be granted. Kelly also briefly mentions a potential Fourteenth Amendment claim for equal protection, stating that the federal U.S. mail delivery legislation "can nudge over the legal of a fourteenth amendment violation pursuant to equal protection under the law." (*Id*. at 7.) Kelly lacks a cognizable legal theory under the Fourteenth Amendment Equal Protection Clause. The Equal Protection Clause reads: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 2. Kelly filed this action against a federal agency, the USPS, and the USPS Bozeman, Montana Postmaster. Kelly does not bring his claims against the State of Montana, nor any other state. Accordingly, Kelly fails to state a claim for which relief can be granted.

## V. Conclusion

The Court has considered whether the Complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. For the reasons discussed above, the Court enters the following:

## ORDER

IT IS ORDERED that Kelly's Complaint is DISMISSED.

DATED this 5th day of January, 2023.

_____
Brian Morris, Chief District Judge
United States District Court